O

JS-6

cc:order, docket, remand letter to
Los Angeles Superior Court, No. 12 U 00289

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA, Successor by Merger with Wachovia Mortgage FSB (formerly World Savings Bank FSB),<br><br>Plaintiff,<br>v.<br><br>MINERVA E. AGUILAR, BRIAN MASON, and DOES 1–10,<br><br>Defendants. | Case No. 2:12-cv-01754-ODW (Ex)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court is in receipt of Defendants Minerva E. Aguilar and Brian Mason's ("Defendants") Notice of Removal. Having carefully considered the papers filed in conjunction with the Notice, however, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Here, Defendants claim that this Court has subject matter jurisdiction over this state-law unlawful detainer action under diversity jurisdiction, 28 U.S.C. § 1332. (Dkt. No. 1.)

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, Defendants' removal papers allege that the amount in controversy "is satisfied because the subject matter of Plaintiff's litigation is a challenge to a security interest in a loan in the amount of $490,000.00, and Plaintiff seeks to gain possession of Defendant's property. Thus, the object of the injunctive relief exceeds $75,000.00." (Notice of Removal 3 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).) Contrary to Defendants' assertions, the object of this unlawful detainer action is not the value of Defendants' home, but rather the fair rental value of the premises Defendants owe Plaintiff Wells Fargo Bank NA ("Plaintiff") for remaining in a home that no longer belongs to Defendants from December 7, 2011,

through entry of judgment. (Compl. ¶¶ 9–10.) Indeed, the face of Plaintiff's Complaint indicates that Plaintiff does not demand an amount in excess of $10,000.00. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs. Moreover, the Court notes as a more fundamental matter that Defendants may not remove a state-law unlawful detainer action as a means to mount a collateral attack on the underlying foreclosure.

In light of the foregoing, the Court hereby **REMANDS** this case to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 8, 2012

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**